UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLTON XAVIER MATHEWS,

    Plaintiff,

v.                                                      Case No. 5:22-cv-109-TKW/MJF

CITY OF WEWAHITCHKA, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Carlton Xavier Mathews, FDC# J27519, has filed a civil-rights complaint under 42 U.S.C. § 1983. Doc. 1. His complaint was not accompanied by the $402.00 fee. Because Mathews failed to pay the filing fee upon initiating this lawsuit and is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, the District Court should dismiss this case without prejudice.

### I. BACKGROUND

Mathews is an inmate of the Florida Department of Corrections ("FDC") currently confined at Santa Rosa Correctional Institution. Doc. 1 at 2. Mathews is suing the City of Wewahitchka, Florida, and G. Page, a sergeant at Gulf Correctional Institution ("Gulf CI").[1] *Id.* at 3. Mathews's allegations relate to a use-of-force

---

[1] It is unclear whether Mathews also is suing "Nurse Loucosha." Although Mathews includes Loucosha in the case caption of his complaint, he does not list Loucosha as

incident at Gulf CI on or around November 21, 2021, and the lack of medical treatment for injuries Mathews allegedly sustained during the use-of-force incident. *Id.* at 5-7. Mathews alleges that he sustained "laceration damage to the left side of his jaw," and that he suffered from pain in his face and back. At some point after the use of force, the FDC transferred Matthews to the Santa Rosa Correctional Institution.

Mathews asserts that Defendants violated his constitutional rights by "using excessive force on him" and by denying him medical care. *Id.* at 8. As relief, Mathews requests $100,000 in compensatory damages and $200,000 in punitive damages. *Id.*

## II. DISCUSSION

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quotation omitted). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (noting that a "prisoner must pay the full filing fee at

---

a defendant. *Compare* Doc. 1 at 1, *with id.* at 3. This inconsistency does not affect the undersigned's recommendation to dismiss this case without prejudice.

the time he initiates suit") (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). There is, however, a narrow exception to the three-strikes rule: a prisoner who is otherwise barred from proceeding *in forma pauperis* may do so if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Mathews has at least three strikes under section 1915(g). *Mathews v. State Att'y Off.*, No. 3:16-cv-716-J-34JBT, Order, Doc. 3 (M.D. Fla. June 21, 2016) (dismissed for failure to state a claim upon which relief can be granted); *Mathews v. Duval Cnty. Courthouse*, No. 3:16-cv-723-J-39JRK, Order, Doc. 3 (M.D. Fla. June 15, 2016) (dismissed as frivolous); *Mathews v. Johnson*, No. 3:16-cv-77-J-34JRK, Order, Doc. 4 (M.D. Fla. May 16, 2016) (dismissed for failure to state a claim upon which relief can be granted).

Because Mathews has at least three strikes, he may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Mathews's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to section 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Mathews's allegations, construed liberally, fail to make a colorable showing that he is under imminent danger of serious physical injury. He no longer is in custody at Gulf CI where the complained-of events occurred. Additionally, Mathews's only injuries from the November 21, 2021 use-of-force incident were "laceration damage to the left side of his jaw," face pain, and back pain. Doc. 1 at 7. In short, Mathews has not set forth specific allegations that indicate he is subject to an imminent danger of serious physical harm. *Hafed*, 635 F.3d at 1179; *Martin*, 319 F.3d at 1050.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action, under 28 U.S.C. § 1915(g), without prejudice to Mathews initiating a new case accompanied by the $402.00 fee in its entirety.

2. Order the clerk of the court to close this case file.

At Pensacola, Florida, this 9th day of June, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** See **N.D. Fla. Loc. R. 72.2(C);** see also **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within**

**fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**